**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **TERRY ALUISI,**<br><br>　　　　　**Plaintiff**,<br><br>　　v.<br><br>**UNUM LIFE INSURANCE COMPANY OF AMERICA aka UNUMPROVIDENT,) and DOES 1 to 25, inclusive,**<br><br>　　　　　**Defendant.** | **CV F 04-5373 AWI SMS**<br><br>**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**<br><br>**ORDER GRANTING PLAINTIFF TWENTY DAYS IN WHICH TO FILE AN AMENDED COMPLAINT**<br><br>**ORDER VACATING PENDING TRIAL DATES**<br><br>(Document #34) |

　　In this action, Plaintiff Terry Aluisi seeks a review of Defendant Unum Life Insurance Company of America ("Defendant Unum")'s denial of benefits pursuant to ERISA. The court has jurisdiction pursuant to 28 U.S.C. § 1331. Pending before the court is Defendant Unum's motion for summary judgment. Also before the court is the parties' stipulation to amend the complaint to add Elliott Manufacturing, Inc. ("Elliott") as a Defendant.

**PROCEDURAL HISTORY**

　　On March 3, 2004, Defendants removed this action to this court. On April 16, 2004, Plaintiff filed an amended complaint. The amended complaint alleges that Plaintiff was an employee of Elliott. While employed with Elliott, Plaintiff received benefits, including long term disability insurance. The disability plan was provided by Defendant Unum. The amended complaint alleges that Plaintiff became disabled within the meaning of the disability plan. The

amended complaint alleges that Plaintiff was only paid benefits for 16 months. The amended complaint alleges that Defendant Unum is in violation of the policy's terms, and Plaintiff is entitled to $8000 per month under the policy. The amended complaint requests $8000 a month commencing on June 2003 until Plaintiff reaches the age of 65 along with interest.

On July 29, 2005, Defendant Unum filed a motion for summary judgment. Defendant contends that the abuse of discretion standard of review applies because Defendant's decision was not impacted by a conflict of interest. Defendant Unum contends that it did not abuse its discretion in finding Plaintiff was not entitled to additional benefits. Defendant Unum also contends that its determination was correct under the de novo standard of review because the evidence does not support Plaintiff's contention that he is unable to perform his sedentary occupation. Finally, Defendant Unum contends that it is not a proper party because the policy at issues lists Elliott as the Plan and the Plan Administrator.

On August 12, 2005, Plaintiff filed an opposition. Plaintiff contends that the court must conduct de novo review because Defendant Unum failed to follow its own procedures. Plaintiff contends that under any standard Defendant Unum's decision is unsubstantiated.

On August 19, 2005, Defendant Unum filed a reply brief.

On August 23, 2005, the court vacated the hearing on Defendant's motion for summary judgment. The court also requested further briefing on the ERISA statute or statutes under which Plaintiff is proceeding and whether Defendant Unum is a proper defendant to this action.

On September 2, 2005, Plaintiff filed a response. Plaintiff states that he is proceeding pursuant to 29 U.S.C. § 1132(g). Plaintiff states Defendant Unum is a proper defendant because Defendant Unum made all relevant decisions regarding Plaintiff's benefits.

On September 12, 2005, Defendant Unum filed a reply to Plaintiffs' supplemental response.

On September 14, 2005, the parties field a stipulation to amend the complaint. The parties stipulate to amend the complaint to add Elliot as a Defendant.

**LEGAL STANDARD**

In order for Defendant Unum to prevail on its motion for summary judgment, the court must find that, viewing the evidence most favorably to Plaintiff, Defendant is clearly entitled to prevail as a matter of law. See Fed.R.Civ.P. 56; Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Eisenberg v. Insurance Co. of N. Am., 815 F.2d 1285, 1288-89 (9th Cir.1987). Rule 56 of the Federal Rules of Civil Procedure allows for entry of summary judgment if Defendant can demonstrate the absence of a genuine issue of material fact. Fed.R.Civ.P. 56(c); Celotex Corp, 477 U.S. at 322. A fact is "material" when, under the governing substantive law, it could affect the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A "genuine issue" of material fact arises if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id.

If a motion for summary judgment calls for the court to apply law to undisputed facts, it is a mixed question of law and fact. HIH Marine Insurance Services, Inc. v. Virgin Atlantic Airways, 105 F.Supp.2d 1083, 1091 (N.D. Cal. 2000). A mixed question of fact and law occurs when the facts are undisputed, the relevant law is accepted, and the issue for the court is whether the facts satisfy the legal rule. Pullman-Standard v. Swint, 456 U.S. 273, 289 n. 19 (1982). "When a mixed question of fact and law involves undisputed underlying facts, summary judgment is appropriately granted." Han v. Mobil Oil Corp., 73 F.3d 872, 874 (9th Cir.1995); In re Software Toolworkers, Inc, 789 F.Supp. 1489, 1495 (N.D. Cal. 1992). Thus, where the case turns on a mixed question of fact and law and the only dispute relates to the legal significance of the undisputed facts, the controversy for trial collapses into a question of law suitable for disposition on summary judgment. See Union Sch. Dist. v. Smith, 15 F.3d 1519, 1523 (9th Cir.1994); Graham v. City of Chicago, 828 F.Supp. 576, 583 (N.D.Ill.1993). Finally, if a motion for summary judgment questions only issues of law, the resolution of which does not involve disputed material facts, summary judgment is also appropriate. Delbon Radiology v. Turlock Diagnostic Center, 839 F.Supp. 1388, 1391 (E.D. Cal. 1993).

**DISCUSSION**

**A. Whether Unum is a Proper Defendant**

Defendant Unum contends that summary judgment is appropriate because it is not the Plan or the Plan Administrator.  The parties agree that Unum Life Insurance Company of America aka Unumprovident ("Unum") has been named as the Defendant in this action.  The parties also have stipulated to add Elliott as a Defendant.  Before the court can resolve the merits of this case, the court must address whether Defendant Unum is a proper Defendant to this action and who this action will proceed against.

ERISA allows a participant or beneficiary to sue "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."  29 U.S.C. § 1132(a)(1)(B).  ERISA also allows the Secretary, participant, beneficiary or fiduciary to sue for relief under 29 U.S.C. § 1109.  29 U.S.C. § 1132(a)(2).  Finally, ERISA allows a participant, beneficiary, or fiduciary to file an action to: "(A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan."  29 U.S.C. § 1132(a)(3).  The amended complaint does not state whether this action is brought under Section 1132(a), Section 1132(b) or Section 1132(c).

In his supplemental brief, Plaintiff states that he is seeking recovery of ERISA benefits as provided for by 29 U.S.C. § 1132(a)(1)(B).  The amended complaint alleges that Defendant "is obligated to pay benefits" and "is in violation of the terms of the benefit plan in failing and refusing to pay the benefits as and when due."  The amended complaint requests $8,000 per month commencing June 2003 until Plaintiff is 65.  Section 1143(a)(1)(B) provides that "[a] civil action may be brought by a participant or beneficiary . . . to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."  29 U.S.C. § 1132(a)(1)(B).  Because the

4

amended complaint seeks to recover benefits owing under the Plan, this action is brought under Section 1143(a)(1)(B).

An action ERISA action brought under Section 1132(a)(1)(B) permits suits to recover benefits against the Plan as an entity. Ford, 399 F.3d at 1081; Gelardi v. Pertec Computer Corp., 761 F.2d 1323, 1324-25 (9th Cir. 1985). In addition, Plan Administrators can be sued under Section 1132(a)(1)(B). Ford, 399 F.3d at 1081; Everhart v. Allmerica Fin. Life Ins. Co., 275 F.3d 751, 754 n. 6 (9th Cir.2001). ERISA does not permit suits against a third-party insurer to recover benefits when the insurer is not functioning as the plan administrator Everhart, 275 F.3d at 756. ERISA does not permit a suit against the entity that had "discretionary authority to determine eligibility for benefits and was functioning as the plan administrator." Ford, 399 F.3d at 1082. Thus, an action under Section 1132(a)(1)(B) must be brought against the Plan or Plan Administrator even if the Plan or Plan Administrator have turned over the day to day decisions of running the plan to another entity.

A Plan Administrator is "(i) the person specifically so designated by the terms of the instrument under which the plan is operated; (ii) if an administrator is not so designated, the plan sponsor; or (iii) in the case of a plan for which an administrator is not designated and a plan sponsor cannot be identified, such other person as the Secretary may by regulation prescribe." 29 U.S.C. § 1002(16)(B). The Summary Plan Description section of the policy specifically identifies the Plan and Plan Administrator. This section lists "Elliott Manufacturing Co., Inc." as both Plan and the Plan Administrator. See U/A 50. Defendant Unum is not listed as the Plan or the Plan Administrator. Thus, based on the Policy, Defendant Unum is not a proper defendant to this action.

Where, as here, a defendant moves for summary judgment based on the absence of evidence of an element essential to the plaintiff's case, the burden is on the plaintiff to offer some evidence creating a genuine issue of material fact as to that element. Celotex Corp. v. Catrett, 477 U.S. 317, 322--24 (1986). Seeking ERISA benefits, Plaintiff has sued Defendant Unum

5

under 29 U.S.C. § 1132(a)(1)(B).  This section requires that the defendant be either the Plan or the Plan Administrator.  <u>Ford</u>, 399 F.3d at 1081.  The undisputed evidence reveals that Plaintiff's prior employer, Elliott, is both the Plan and Plan Administrator.  Defendant's actions in handling Plaintiff's claims and doing other tasks an administrator typically is responsible for do not allow a suit against Defendant.  See <u>Ford</u>, 399 F.3d at 1081-82; <u>Everhart</u>, 275 F.3d at 754 n. 3.  Thus, summary judgment in favor of Defendant Unum is appropriate.

**B. Amendment**

The parties have stipulated to add Elliott Manufacturing, Inc. Plan as a defendant to this action.  A plaintiff may amend a complaint "as a matter of course," and without leave of court, before a response has been filed under Federal Rule of Civil Procedure 15(a).  Otherwise, a party may amend by written consent of the adverse party.  Fed.R.Civ.Pro. 15(a).  Because Defendant Unum was the only adverse party at the time the stipulation was filed, Defendant Unum and Plaintiff could stipulate to amend the pleadings to add Elliott.  However, summary judgment must be granted against Unum because it is not a proper Defendant, and this action is now proceeding only against Elliott.  No amended complaint has been filed naming Elliott as a defendant, Elliott has not been served, and Elliott has not responded to any complaint.  A prospective party cannot fairly be required to answer and litigate an amended pleading not yet framed, filed, and served.  <u>Nelson v. Adams USA, Inc.</u>, 529 U.S. 460, 466 (2000).  Thus, the court can take no further action on this case until Plaintiff files an amended complaint and Elliott responds to that amended complaint.

**ORDER**

Accordingly, the court ORDERS that:

1. Defendant Unum's motion for summary judgment is GRANTED;
2. Plaintiff may file an amended complaint naming Elliott as a Defendant within twenty days of service of this order;

6

3.    Elliott SHALL FILE any response to the amended complaint within twenty days of service upon Elliott; and

4.    The September 30, 2005 pretrial conference date and November 1, 2005 trial date are VACATED.

IT IS SO ORDERED.

**Dated:  September 28, 2005**          **/s/ Anthony W. Ishii**
9h0d30          UNITED STATES DISTRICT JUDGE