1
2
3
4
5
6

**IN THE UNITED STATES DISTRICT COURT FOR THE**

7

**EASTERN DISTRICT OF CALIFORNIA**

8
9

10   **TERRY ALUISI,**                              )        **CV F 04-5373 AWI SMS**
                                                          )
11                    **Plaintiff,**                       )        **ORDER REGARDING REQUEST**
             **v.**                                       )        **FOR DISCOVERY**
12                                                        )
                                                          )        **ORDER SETTING BRIEFING**
13   **ELLIOTT MANUFACTURING CO.,**                       )        **SCHEDULE**
     **INC. PLAN; ELLIOTT**                               )
14   **MANUFACTURING CO.,INC., as the**                   )
     **Plan Administrator,**                              )
15                                                        )
                      **Defendant.**                      )
16   _____)

17
18                              **BACKGROUND**

19          On March 3, 2003, this action was removed from the Fresno County Superior Court.  On

20   October 17, 2005, Plaintiff filed a second amended complaint.    Plaintiff requests the court to

21   review the denial of long term disability benefits pursuant to ERISA.

22          On January 6, 2006, Unum filed a motion for summary judgment.   Unum contends that

23   the abuse of discretion standard applies to this action.   Unum contends that under either the

24   abuse of discretion standard or de novo review, Unum's denial of benefits was proper.

25          On January 20, 2006, Plaintiff filed an opposition.    In the opposition, Plaintiff requested

26   that he be allowed to conduct discovery in support of his position that the de novo standard of

27   review applies.

28          On January 27, 2006, Unum filed a reply.

1    On March 6, 2006, the court held a hearing.   At the hearing the court found that in some

2    circumstances discovery is allowed in ERISA actions.   The court then allowed Plaintiff to

3    provide more information about what discovery he seeks.

4    On March 13, 2006, Plaintiff filed a statement requesting discovery.   First, Plaintiff

5    seeks information about Unum's internal polices to determine if Unum followed these policies in

6    Plaintiff's case.   Second, Plaintiff seeks discovery to determine if all surveillance tapes have

7    been provided.   Third, Plaintiff seeks additional evidence about Unum's confidential informant

8    and what other information Plaintiff's ex-wife might have said to Unum.   Fourth, Plaintiff seeks

9    to depose Delci Bean, Melanie Cross, JoAnn Orozco, and Molly Jones.   Plaintiff claims these

10   four individuals reviewed the records and incorrectly applied the definition of disability in

11   Plaintiff's case.

12   On March 23, 2006, Unum filed an opposition to Plaintiff's requested discovery.   Unum

13   contends that while a party may submit evidence outside the record to show a conflict of interest,

14   there is no basis to allow a party to conduct discovery.   If discovery can be conducted in some

15   ERISA cases, Unum contends discovery is not appropriate here because Plaintiff has not made

16   out a prima facie case that Unum failed to follow the Plan's procedures and discovery is not

17   reasonably calculated to provide material, probative evidence that Unum had a conflict of

18   interest.

19   On March 31, 2006, Plaintiff filed a reply.

20                                          **DISCUSSION**

21   ERISA provides for judicial review of a decision to deny benefits to an ERISA plan

22   beneficiary.   See 29 U.S.C. § 1132(a)(1)(B).   ERISA does not specify what legal standard the

23   court should apply in making this determination.   Firestone Tire & Rubber v. Bruch, 489 U.S.

24   101, 109 (1989).   However, the Supreme Court in Firestone, found that a court reviews a denial

25   of benefits de novo "unless the benefit plan gives the administrator or fiduciary discretionary

26   authority to determine eligibility or to construe the terms of the plan." Id. at 115; Bendixen v.

27

28                                                2

Standard Ins. Co., 185 F.3d 939, 942 (9th Cir. 1999).   The parties agree the plan at issue in this case requires the court to review Unum's decisions under the abuse of discretion standard.

In some cases, de novo review of a decision denying benefits may be imposed even if the plan calls for abuse of discretion review.  Where the plan gives an administrator or fiduciary discretion, but there is a conflict between the fiduciary's or administrator's self-interest and the interests of the plan's beneficiaries, a benefits denial decision may be reviewed de novo. Bendixen, 185 F.3d at 943 (citations omitted).   The Ninth Circuit has recognized that there is at least an apparent conflict of interest where a plan administrator is also the plan's funding source. Hensley v. Northwest Permanente P.C. Retirement Plan & Trust,  258 F.3d 986, 996 (9th Cir. 2001);  Friedrich v. Intel Corp., 181 F.3d 1105, 1109 (9th Cir.1999).  Even where a conflict of interest exists, however, imposition of the de novo standard is not automatic.  Courts use a burden-shifting approach to determine which standard to apply where a fiduciary or plan administrator is "apparently conflicted."   Hensley v. Northwest Permanente P.C. Retirement Plan & Trust, 258 F.3d 986, 995 (9th Cir. 2001); Atwood v. Newmont Gold Co., 45 F.3d 1317, 1322-23 (9th Cir. 1995).  First, the beneficiary must come forward with "material, probative evidence, beyond the mere fact of the apparent conflict, tending to show that the fiduciary's self-interest caused a breach of . . . fiduciary obligations to the beneficiary."  Hensley, 258 F.3d at 995; Atwood, 45 F.3d at 1323.  If the beneficiary does not meet this burden, "abuse of discretion" review is applied.  However, if the beneficiary is able to make the necessary showing, the burden shifts to the fiduciary or administrator to show that the conflict did not influence its decision to deny benefits.  Hensley, 258 F.3d at 995.  If it is unable to do so, de novo review applies.  Hensley, 258 F.3d at 995; Atwood, 45 F.3d at 1323.

Unum has asked for summary judgment in which the court finds that an abuse of discretion standard of review applies.   Plaintiff contends that de novo review is required because Unum's self-interest caused a breach of fiduciary obligations to Plaintiff.   In attempting to provide the court with material, probative evidence of the conflict, Plaintiff has asked to be

3

1  allowed to conduct limited discovery.

2  **A.  Is Discovery Available?**

3  Unum contends that discovery is never available in an ERISA action regardless of what

4  standard of review the court applies.   Plaintiff contends discovery is available on the issue of

5  whether Unum had a conflict of interest.

6  In reviewing a plan under ERISA, the district court is to review only the evidence

7  presented to the plan. Taft v. Equitable Life Assur. Soc., 9 F.3d 1469, 1471 (9th Cir. 1993).

8  There is one exception to this rule.   Evidence outside the administrative record "may be

9  considered to determine if a plan administrator's decision was affected by its conflict of interest."

10 Tremain v. Bell Indus., Inc., 196 F.3d 970, 977 (9th Cir. 1999).

11 Several district courts have found that limited discovery is permissible in an ERISA

12 action to determine whether the plan's determination to deny benefits was influenced by its

13 conflict of interest. See, e.g.,  Frost v. Metropolitan Life Ins. Co., 414 F.Supp.2d 961, 964 -65

14 (C.D. Cal. 2006) (allowing discovery to show conflict of interest based on doctor's relationship

15 to insurance company); Medford v. Metropolitan Life, 244 F.Supp.2d 1120, 1128 (D.Nev. 2003)

16 (allowing limited discovery on issues related to standard of review and whether there was a

17 conflict of interest affecting the benefits decision); Waggener v. UNUM Life Insurance, 238

18 F.Supp.2d 1179, 1186 (S.D. Cal. 2002) (allowing discovery on the extent to which the conflict of

19 interest affected plan's decision making process and information regarding the independence or

20 neutrality of the physicians utilized by plan).

21 The court recognizes that some courts have refused to grant any discovery requests in

22 ERISA actions.   In Newman v. Standard Insurance Co., 997 F.Supp. 1276 (C.D.Cal.1998), the

23 Central District of California held that there is no entitlement to discovery on the plan's possible

24 conflict of interest because such discovery might be so extensive that it would undermine one of

25 the primary goals of ERISA – to resolve disputeS over benefits inexpensively and expeditiously.

26 Id. at 1280-81.  Despite the Newman court and other district courts reaching similar conclusions,

27

28                                                        4

this court agrees with those courts that have allowed limited discovery.   The court declines to follow the Newman court because often the only effective way for an ERISA plaintiff to show a conflict of interest is to allow an ERISA plaintiff to discover such evidence.   Cases such as Newman impermissibly result in granting an ERISA plaintiff a right without a true remedy.   See Klund v. High Technology Solutions, Inc., 417 F.Supp.2d 1155, 1160 & n.1 (S.D. Cal. 2005). Thus, the court will allow some discovery in this action.

**B. Scope of Discovery**

Unum also objects to Plaintiff's proposed discovery on the ground that it is too broad for an ERISA action.   Those courts that have allowed discovery have agreed such discovery must be limited:

> . . . the scope of discovery in a denial of benefits case should serve both the goals of ERISA and the goals of the parties involved in the litigation.   ERISA's two primary goals are "to increase the likelihood" that beneficiaries will receive full benefits, and "to maintain the premium costs of such [a] system at a reasonable level." *Kearney v. Standard Ins. Co.,* 175 F.3d 1084, 1094 (9th Cir.1999) (*quoting* 29 U.S.C. § 1001b(c)(3), (5)).   In order to balance appropriately these competing goals, discovery cannot be as broad and overreaching in ERISA cases as in other types of litigation. *See Waggener v. UNUM Life Ins. Co. of Am.,* 238 F.Supp.2d 1179, 1185 (S.D.Cal.2002). Instead, discovery must be more carefully tailored to the issues raised in the particular case, specifically, "the need to demonstrate conflict of interest," as well as the  proper standard of review to be applied. *Id.*

Klund, 417 F.Supp.2d at 1159 -60.

Based on Klund and similar cases, the court finds discovery is limited in this action.   In ruling on Plaintiff's discovery requests, the court must keep in mind Plaintiff's arguments and evidence showing a potential conflict of interest.

*1.  Internal Policies*

Plaintiff asks for UnUm's internal policies to determine if Unum in fact followed these polices in Plaintiff's case.

*A.   Policy on IME*

In the opposition, Plaintiff contends that Unum's conflict of interest can be shown by Unum's failure to set up an Independent Medical Evaluation ("IME").   In the pending discovery

request, Plaintiff seeks discovery regarding Unum's internal polices.  Where a conflict of interest

may impede an ERISA plan administrator's impartiality, several circuits have indicated that,

while not required, ERISA's purposes are often promoted by obtaining an independent medical

evaluation.  Fought v. Unum Life Ins. Co. Of America, 379 F.3d 997, 1015 (10th Cir. 2004);

Hightshue v. AIG Life Ins. Co., 135 F.3d 1144, 1148 (7th Cir.1998);  Woo v. Deluxe Corp., 144

F.3d 1157, 1161 (8th Cir.1998).    However, the failure to do an IME does not automatically

create a conflict of interest.  In this case, an IME might have clarified Plaintiff's chief complaint

in relation to what was observed on the surveillance.  If Unum had policies concerning the use of

an IME that were not followed here, Plaintiff may have evidence of a conflict of interest.

Procedural irregularities in the processing of claims is a factor the court may consider in

determining if there is evidence of self interest.    Friedrich v. Intel Corporation, 181 F.3d 1105

(9th Cir.1999).  Given the benefit of an IME in this case, potential problems with relying on a

surveillance video, Unum's possible misunderstanding of Plaintiff's disability, and the conflict

between Plaintiff's doctors statements, additional evidence on Unum's procedures regarding IME

evaluations may be helpful.   Thus, Plaintiff will be allowed through requests for productions of

documents and interrogatories to inquire on Unum's policy regarding an IME and whether this

policy was followed in Plaintiff's case.

*B.  Other Policies*

In his request for discovery, Plaintiff also asks for Unum's other internal policies.   Such

a blanket request is inappropriate given the limited evidence outside the record that can be

considered in an ERISA action.   In the opposition and request for discovery Plaintiff has failed

to provide sufficiently tailored argument about the need for other internal policies.   Unlike the

IME issue, Plaintiff has not sufficiently alleged other specific issues of potential concern and

requested policies on these issues.   Allowing Plaintiff to have all of Unum's internal policies in

this case would provide support for the argument that in every ERISA case the Plaintiff has the

automatic right to the plan's internal policies.   The court finds given the limited discovery

6

available in an ERISA action, some specific relationship between a potential policy and alleged improper conduct must be shown.   Thus, Plaintiff's blanket request for all policies must be denied.

### 2.  Definition of Disability

In the request for discovery, Plaintiff seeks evidence on whether Unum applied the definition of disability correctly.   This discovery request is linked to Plaintiff's position in his opposition to the motion for summary judgment.   In the opposition, Plaintiff contends that Unum's conflict can be shown because Unum did not apply the definition of disability correctly.

Plaintiff argues in the opposition that de novo review is necessary because Unum has failed to acknowledge that there are different standards of review in play.   Under the terms of the policy, during the first 24 months, Plaintiff is entitled to benefits if Plaintiff is limited from performing the material and substantial duties of his regular occupation due to his sickness or injury.   After 24 months, Plaintiff is entitled to benefits if Plaintiff is unable to perform the duties of any gainful occupation for which he is reasonable fitted by education, training, or experience.   Because Unum denied benefits after 18 months, Plaintiff points out that he falls within the first standard.   Plaintiff argues that Unum only concluded he could perform sedentary activities, but never evaluated whether he could perform the material and substantial duties of Plaintiff's regular occupation.

Unum contends that it did properly apply the policy's terms.   Unum offers evidence that a vocational rehabilitation consultant reviewed evidence from Plaintiff and Plaintiff's employer regarding Plaintiff's job duties and concluded that Plaintiff's occupation was classified as sedentary work.  U/A 433.  Unum argues that because the vocational rehabilitation consultant determined Plaintiff's job duties were classified as sedentary work, Unum's conclusion that Plaintiff was able to do sedentary work properly applied the policy's terms.

Abuse of discretion may be found where the administrator construes provisions of the plan in a way that conflicts with the plain language of the plan.  Saffle v. Sierra Pacific Power

1   Co. Bargaining Unit Long Term Disability Income Plan, 85 F.3d 455,  458 (9th Cir. 1996);  Taft

2   v. Equitable Life Assur. Soc., 9 F3d 1469, 1472 (9th Cir. 1993).   The court's inquiry is not into

3   whether the plan administrator's interpretation of the plan is the most persuasive one, but whether

4   the plan administrator's interpretation is unreasonable.  Saffle, 85 F.3d at 458; Winters v. Costco

5   Wholesale Corp., 49 F.3d 550, 552 (9th Cir. 1995).   It appears Plaintiff's argument is that Unum

6   did not correctly apply the plan's terms because, instead of analyzing whether Plaintiff could do

7   his regular occupation, Unum determined Plaintiff's regular occupation was sedentary work and

8   then determined that Plaintiff could perform sedentary work.   To support this position, Plaintiff

9   seeks additional, unidentified discovery, presumably from the decision makers in Plaintiff's case,

10   regarding the definition of disability Unum applied to Plaintiff.

11          Plaintiff's position is that evaluating his ability to work at a sedentary job instead of his

12   ability to work at his regular occupation shows that Unum did not apply the Plan's terms.  This

13   argument does appear to be based on potentially disputed facts.   There is no dispute that Unum

14   determined whether Plaintiff could do sedentary work and did not determine whether Plaintiff

15   could do his specific job.   Thus, the issue for the parities and the court is whether it was

16   reasonable to classify Plaintiff's job and then determine if Plaintiff was able to perform jobs in

17   that classification or whether the Unum needed to determine if Plaintiff could perform his

18   specific job.   Whether the use of job classifications rather than specific job duties indicates a

19   conflict of interest is a legal question that the parties have already briefed.   Plaintiff fails to show

20   how discovery would assist Plaintiff's position.   Given Unum has essentially conceded that it

21   applied a classification to Plaintiff instead of Plaintiff's exact job description, the court only has

22   before it a legal question on the appropriateness of Unum's actions.   Thus, additional discovery

23   on what definition of disability Unum applied to Plaintiff is not warranted.

24   ***3.  Surveillance Tapes***

25          Plaintiff seeks discovery to determine if all surveillance tapes have been provided.

26   Unum only opposes Plaintiff's request by stating that Unum has provided all tapes.   Because

27

28                                                   8

Unum agrees Plaintiff is entitled to all tapes, Plaintiff may utilize the discovery process to formally request the production of all surveillance tapes.   While Unum most likely will respond that all such tapes have been provided, Unum's response to a formal discovery request has farther reaching consequences that Unum's attorney's comment in a brief.   Thus, Plaintiff may formally request all surveillance tapes pursuant to a request for production.

### *4.  Informant's and Ex-Wife's Statements*

Plaintiff seeks the identity of the informant that stated Plaintiff was still working and any notes or memoranda of what the informant said.   Plaintiff also seeks any notes or memoranda of what Plaintiff's ex-wife told Unum.

Unum's primary opposition to Plaintiff being allowed to request additional notes or memorandum regarding the informant and Plaintiff's ex-wife is that this evidence was not relied on by Unum.   Unum claims that even if the informant and Plaintiff's ex-wife were completely discredited, there is no reason to believe that Unum would have made a different decision regarding Plaintiff's entitlement to benefits.   If Unum's position is that Unum would have reached the same result without considering the informant and Plaintiff's ex-wife and this court does not need to consider the informant and Plaintiff's ex-wife to uphold Unum's decision, the court agrees additional discovery on these issues is not warranted.   Based on Unum's position, the court will not consider the evidence supplied by the informant and Plaintiff's ex-wife in determining the standard of review and whether Unum's decision should be upheld.   If Unum desires the court to consider this evidence, Unum should inform the court and the court will revisit the issue of whether Plaintiff is entitled to discovery on these issues.   However, based on Unum's current position, the court will deny Plaintiff's discovery requests because Unum states this evidence does not need to be considered by the court.

### *5.  Depositions*

Plaintiff seeks to depose Delci Bean, the Lead Customer Care Specialist handling Plaintiff's case, and three registered nurses who conducted medical reviews, including Melanie

9

Cross, JoAnn Orozco, and Molly Jones.    Concerning the need for depositions, Plaintiff states as follows:

> These four individuals seem to be the decision makers who allegedly reviewed the records and applied them to the definition of disability.    Yet the records show little effort to communicate with Aluisi's primary treating physician and little to show application to the definition of disability.   Plaintiff submits there is no evidence in the record that UNUM, acting through these individuals, actually applied the definition of disability correctly.

Based on this description of the proposed depositions, the court will deny Plaintiff's request. As discussed above, the issue of whether Unum correctly applied the definition of disability is not a factual dispute.   Unum admits it categorized Plaintiff's job as sedentary and then determined whether Plaintiff could do a sedentary job.   The issue for the court is whether this categorization approach provides evidence of a conflict of interest.    Thus, additional evidence regarding the decision makers' definition of disability is not necessary.

Plaintiff also complains that these decision makers did little to communicate with Plaintiff's physicians.   Again, the court does not find depositions would provide additional information to support the decision makers' actions.   The administrative records speaks for itself about Unum's contacts and lack of contacts with Plaintiff's physicians.   There is no indication that the administrative record does not include all contacts with Plaintiff's physicians.   Thus, deposition is not warranted on this issue.

As discussed above, the court has found that discovery on Unum's IME policy and its application to Plaintiff's case is warranted.   The decision makers may have relevant information about the IME policy and whether it was followed in Plaintiff's case.   However, deposition of the decision makers appears to be overly burdensome to obtain the necessary evidence.    Instead, Plaintiff will be allowed to submit up to fifteen interrogatories about the IME policy and its application to Plaintiff's case.    These interrogatories may be directed to Unum for a response or directed at the particular employees who reviewed or made decisions in Plaintiff's case.

10

**ORDER**

Accordingly, the court ORDERS that:

1.  Plaintiff's request for discovery is GRANTED in part:

    a.  Plaintiff may serve requests on Unum for Unum's IME policies and the surveillance tapes pursuant to the Rules Governing Discovery found in the Federal Rules of Civil Procedure;

    b.  Plaintiff may serve up to fifteen interrogatory requests on Unum concerning the application of Unum's IME policy to Plaintiff's case pursuant to the Rules Governing Discovery found in the Federal Rules of Civil Procedure;

2.  In all other respects, Plaintiff's request for discovery is DENIED;

3.  Plaintiff may file a supplemental opposition to Unum's motion for summary judgment, which includes arguments based on evidence found during discovery, by August 18, 2006; and

4.  Unum may file a supplemental reply by September 1, 2006.


IT IS SO ORDERED.

**Dated:   June 15, 2006**                          _____/s/ Anthony W. Ishii_____
0m8i78                                               UNITED STATES DISTRICT JUDGE

11