IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY ALUISI, <br><br> Plaintiff, <br> v. <br><br> ELLIOTT MANUFACTURING CO., et al., <br><br> Defendants. | 1: 04-CV-5373 AWI SMS <br><br> **ORDER DENYING MOTION FOR RECONSIDERATION** <br><br> (Documents #88 & #89) |

## BACKGROUND

In this action, Plaintiff requests the court review Defendant's denial of long term disability benefits pursuant to ERISA. On September 28, 2007, the court denied Defendant's motion for summary judgment.

On December 18, 2007, Defendant filed a motion for reconsideration of the court's denial of Defendant's motion for summary judgment. On January 24, 2008, Plaintiff filed an opposition brief. On February 4, 2008, Defendant filed a reply brief.

## LEGAL STANDARD

The court has discretion to reconsider and vacate a prior order. Barber v. Hawaii, 42 F.3d 1185, 1198 (9th Cir.1994); United States v. Nutri-cology, Inc., 982 F.2d 394, 396 (9th Cir.1992). Motions for reconsideration are disfavored, however, and are not the place for parties to make new arguments not raised in their original briefs. Northwest Acceptance Corp. v. Lynnwood Equip., Inc., 841 F.2d 918, 925-26 (9th Cir.1988). Nor is reconsideration to be used to ask the

court to rethink what it has already thought.  United States v. Rezzonico, 32 F.Supp.2d 1112, 1116 (D.Ariz.1998).  "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden."  U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).  Motions to reconsider are committed to the discretion of the trial court.  Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc).  To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.  See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).  When filing a motion for reconsideration, Local Rule 78-230(k) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

## DISCUSSION

Defendant contends that this court should reconsider its order denying summary judgment because Abatie, v. Alta Health & Life Ins. Co., 458 F.3d 955 (9th Cir. 2006) was decided after the parties had briefed this matter but before the court issued its order.  Defendant points out that in the court's order denying summary judgment the court stated that the court needed further briefing from the parties on Abatie.

Rule 56 of the Federal Rules of Civil Procedure requires summary judgment for the moving party when the evidence, viewed in the light most favorable to the nonmoving party, shows that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(c); Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970); Tarin v. County of Los Angeles, 123 F.3d 1259, 1263 (9th Cir.1997).  Pursuant to Local Rule 56-260 the moving party shall file a statement of undisputed facts, the opposing party shall respond to the undisputed facts, and the opposing party may file a statement of disputed

facts.  On a summary judgment motion, the court reviews the facts submitted by the parties in their statement of undisputed facts and statement of disputed facts and determines if there are disputed issues over material facts.  The court treated the motion for summary judgment filed by Defendant as an ordinary motion for summary judgment and not a complete review under ERISA.  The parties have never stipulated that this ERISA action would be decided by cross motions for summary judgment rather than a bench trial or that the ordinary rules concerning motions for summary judgment would not apply.  When ruling on Defendant's motion for summary judgment the court reviewed the facts cited by the parties and not the entire administrative record.   In addition, the court had grave concerns about resolving this case without the parties' briefing the impact of Abatie.

Under ordinary rules of summary judgment, disputes over material issues of fact require "a trial to resolve the parties' differing versions of the truth."  S.E.C. v. Seaboard Corp., 677 F.2d 1301, 1305-06 (9th Cir.1982).   "If reasonable minds could differ," the judgment should not be entered in favor of the moving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250-51 (1986). (discussing similarities between Rule 56 motion and Rule 50(a) motion).   When considering the evidence on a motion for summary judgment, the court must draw all reasonable inferences on behalf of the nonmoving party.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  Based on the undisputed facts and disputed facts, along with the lack of briefing on Abatie, the court determined that summary judgment was not appropriate and a bench trial was necessary.  In such a bench trial, the court normally would have the parties submit cross trial briefs, present oral arguments to the court along with any evidence outside the record, and submit proposed findings of fact and conclusions of law.  When the court stated in its order denying summary judgment that it needed further briefing, the court was referring to the further briefing that would be provided during the course of an ERISA bench trial and not a motion for reconsideration.

The court does not believe a motion for reconsideration of an order denying summary

1 judgment is the appropriate procedure to resolve the merits of this case at this time.  A motion
2 for reconsideration is not the place to provide the court with new facts that were not included in
3 the statement of undisputed facts or disputed facts.  See Zimmerman v. City of Oakland, 255
4 F.3d 734, 740 (9th Cir. 2001).  A motion for reconsideration is also not the proper avenue for
5 raising legal theories and addressing new legal theories.  See Self-Realization Fellowship
6 Church v. Ananda Church of Self-Realization, 59 F.3d 902, 912 (9th Cir.1995); In re Agric.
7 Research & Tech. Group, Inc., 916 F.2d 528, 542 (9th Cir.1990).   Defendant's motion for
8 reconsideration requires the court to consider legal arguments and facts not briefed by the parties
9 and not considered by the court in its order denying summary judgment.  The court recognizes
10 that there have been delays in this action, some of which were caused by the court's heavy
11 caseload.  Defendant's desire to resolve this action is understandable.  However, the court
12 finds a bench trial is the appropriate way to resolve this action.  The interests of justice are not
13 served by resolving cases through piecemeal motions and briefs, each of which add additional
14 facts and legal analysis.

**ORDER**

Accordingly, the court ORDERS that:

1. Defendant's motion for reconsideration is DENIED;
2. This action is REFERRED to the Magistrate Judge to set up a scheduling order for trial briefs and a bench trial; and
3. Within twenty days, the parties are DIRECTED to meet and confer concerning a trial date and contact Magistrate Judge Sandra M. Snyder's Courtroom Deputy, H.A. Herman, at 559-499-5692 to schedule a hearing date with Judge Snyder for a Scheduling Conference to set a schedule for cross trial briefs and trial in this action.

IT IS SO ORDERED.

**Dated:   March 3, 2008**               /s/ Anthony W. Ishii
                                          UNITED STATES DISTRICT JUDGE